UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BORELLI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACK DIAMOND AGGREGATES, INC. and DOES 1 through 10,<br><br>Defendants.[1] | No. 2:14-cv-02093-KJM-KJN<br><br>ORDER |

The court heard plaintiff's motion for leave to file a first amended complaint on March 27, 2015.  (ECF No. 19.)  Defendant Black Diamond Aggregates, Inc. opposes the motion.  (ECF No. 20.)  Plaintiff has replied.  (ECF No. 26.)  The court also heard defendant's motion to

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'"  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in the original).  Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'"  *Id*. (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1

compel arbitration (ECF No. 9), which plaintiff opposed (ECF No. 22).  Michael Ahmad and Patricia Kelly appeared at hearing for plaintiff and Nevin Stanton-Trehan and Barbara Cotter appeared for defendant.

At hearing, in addition to entertaining arguments on the parties' motions, the court directed the parties to meet and confer and notify the court whether they would stipulate to private mediation.  (ECF No. 27.)  On April 3, 2015, the parties filed a stipulation, agreeing to private mediation, to be completed by July 31, 2015.  (ECF No. 29.)  In accordance with the parties' stipulation, the court referred the case to private mediation.  (ECF No. 33.)  The parties now have filed their joint reports.  (ECF Nos. 34, 35.)  Despite the differences in their accounts of what happened with respect to mediation, they both agree the case has not settled.  The court thus addresses the merits of plaintiff's motion.  As explained below, the court GRANTS plaintiff's motion to amend, and DENIES the motion to compel arbitration without prejudice.

I.      BACKGROUND

Plaintiff commenced this putative class action in this court on September 9, 2014, alleging violations of the Fair Labor Standards Act (FLSA) and the California Labor Code.  (ECF No. 1.)  On January 22, 2015, the day the court had set for a status conference, defendant moved to compel arbitration.  (ECF No. 9.)  The court held its status conference at which plaintiff indicated his plan to amend; the parties were directed to submit a stipulation proposing a schedule to move the case forward.  (ECF No. 15.)  The parties filed their proposed schedule (ECF No. 17), and the court then issued a scheduling order, directing plaintiff to file his motion to amend by February 26, 2015, in case the parties were unable to stipulate to the filing of the proposed amendment.  (ECF No. 18 at 2.)  On February 26, plaintiff filed the instant motion for leave to amend, scheduling it to be heard on the same day as the motion to compel.

In connection with its opposition brief, defendant filed a request for judicial notice, requesting that this court take judicial notice of three filings on this case's docket: (1) the parties' proposed scheduling order filed on January 29, 2015; (2) this court's scheduling order filed on February 5, 2015; and (3) plaintiff's complaint in this case.  (ECF No. 21.)  Plaintiff does not object.  While "[i]t is well established that a court can take judicial notice of its own files and

records," *Gerritsen v. Warner Bros. Entm't Inc.*, ___ F. Supp. 3d ___, No. 14-03305, 2015 WL 4069617, at *12 (C.D. Cal. Jan. 30, 2015), the court need not take judicial notice of the filings in the case before it may consider them.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) (2) states "[t]he court should freely give leave [to amend] when justice so requires[,]" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted). A court's decision of granting or denying leave to amend is reviewed for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

III.    DISCUSSION

Plaintiff seeks to amend his complaint (1) to add two additional class members, Christina Pitassi and James Munoz; (2) to add an additional defendant, Basic Resources, Inc., in lieu of a Doe defendant; and (3) to identify section 558 of the Labor Code as a damages measure under the Private Attorney General Act (PAGA) claim. (ECF No. 19 at 2.)

Defendant counters (1) plaintiff's motion is premature because the pending motion to compel arbitration should be heard first; (2) resolving disputes in this forum would undermine the purpose of arbitration and would jeopardize defendant's right to arbitrate; and (3) plaintiff's "tactical decision to forego naming Basic Resources in the original [c]omplaint precludes the proposed 'Doe' substitution." (ECF No. 20 at 1.)

In general, courts "should liberally allow a party to amend [his] pleading." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

3

The movant need only show the reason amendment is needed.  The burden then shifts to the opposing party to persuade the court that "justice" requires denial.  Courts may deny leave to amend only if "there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Id.*  "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Rather, there must be a showing of "prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *Id.* "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Id.*  It is "the touchstone of the inquiry under [R]ule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the court grants plaintiff leave to amend his complaint.  Plaintiff provides the following reasons for seeking an amendment: the addition of two new class representatives is sought to represent the interests of the class as best possible; section 558 of the Labor Code identifies the measure of damages applicable in this case; and plaintiff seeks to add Basic Resources because the evidence shows "shared common ownership and common management with Black Diamond," the currently named defendant.  (ECF No. 19-1 at 4.)  The burden is thus on defendant to persuade this court that "justice" requires denial.  Defendant has not done so.

As an initial matter, defendant does not cite any authority, binding or persuasive, that requires or suggests that a court must decide a motion to compel before a motion to amend a complaint.  Nor has the court located any such requirement. Defendant quotes a sentence from a California Supreme Court case, *O'Malley v. Wilshire Oil Co.*, 59 Cal. 2d 482, 491 (1963), out of context, to support its argument that once a motion to compel is filed, a court must decide that motion first.  (ECF No. 20 at 2–3.)  Defendant argues "[o]nce a motion to compel arbitration is pending, '[t]he [c]ourt's role, according to the United States Supreme Court, [sic] must be strictly limited to a determination of whether the party resisting arbitration agreed to arbitrate.'" (ECF No. 20 at 2–3 (quoting *O'Malley*, 59 Cal. 2d at 491).)  However, that sentence refers to the court's role when deciding a narrow question: arbitrability.  *See O'Malley*, 59 Cal. 2d at 491.

        Defendant also argues if the court considers the motion to amend first, it may "potentially lose the benefits of arbitration . . . ." (ECF No. 20 at 3.)  In essence, defendant argues that by responding to plaintiff's motion, it may waive its right to arbitration.  (*Id.* at 3–4.)  The court is puzzled by that argument.  First, the parties have already stipulated that "a postponement of the hearing on the motion to compel arbitration . . .[shall not] constitute[] an implied waiver of the right to pursue arbitration . . . ."  (ECF No. 17 at 2.)  Second, there is nothing before the court to suggest defendant has abandoned its right to seek arbitration.  To the contrary, the first motion filed in this case was defendant's motion to compel arbitration; all of defendant's acts have been consistent with its right to compel arbitration.  *See United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (noting the party asserting waiver must show the other party's knowledge of the existing right to compel arbitration and "acts inconsistent with that existing right" (internal quotation marks omitted)).  Finally, a party asserting waiver must show it was prejudiced by a delay in moving to compel arbitration.  How could plaintiff here make this showing when plaintiff himself is the one causing the purported delay, if any?  *See id.*  Accordingly, this court finds defendant's waiver argument unpersuasive.

        Finally, defendant argues that "the specific manner in which Plaintiffs seeks to add th[e] new defendant is improper."  (ECF No. 20 at 4.)  Specifically, defendant points out that instead of "simply adding Basic Resources as an additional defendant, Plaintiffs seeks to name it as a defendant by way of the proposed 'Doe' substitution."  (*Id.*)  The Federal Rules of Civil Procedure do not specifically provide for suing a defendant under a fictitious name.  But the use of a fictitiously-named defendant is allowed in federal question cases, as in the instant case, if the original complaint alleges why the real name was unknown.  *See Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989).  A complaint may be amended to substitute the name of the real defendant when discovered, so long as there is no unreasonable delay.  *Elysian Fed. Sav. Bank v. First Interregional Equity Corp.*, 713 F. Supp. 737, 751 n.19 (D.N.J. 1989).  Here, as noted above, defendant has not shown any unreasonable delay.

IV.     CONCLUSION

Accordingly, the court GRANTS plaintiff's motion and DIRECTS plaintiff to file a first amended complaint within twenty-one (21) days of the date of this order.  Defendant's motion to compel arbitration is denied without prejudice as MOOT, subject to renewal.  This order resolves ECF Nos. 9 and 19.

IT IS SO ORDERED.

DATED:  September 3, 2015.

_____
UNITED STATES DISTRICT JUDGE