| | |
|---|---|
| 1 | RYAN C. WOOD (SB #232267)<br>ryan.wood@stoel.com |
| 2 | CONNOR W. OLSON (SB #291493)<br>connor.olson@stoel.com |
| 3 | STOEL RIVES LLP<br>500 Capitol Mall, Suite 1600 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 447-0700 |
| 5 | Facsimile: (916) 447-4781 |
| 6 | Attorneys for Defendant<br>BASIC RESOURCES, INC. |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BORELLI, CHRISTINA PITASSI and JAMES MUNIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK DIAMOND AGGREGATES, INC., BASIC RESOURCES and DOES 2 THROUGH 10,<br><br>Defendants. | Case No. 2:14-CV-02093-KJM-KJN<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ARBITRATION AGAINST DEFENDANT BASIC RESOURCES, INC.**<br><br>Date: January 15, 2016<br>Time: 10:00 a.m.<br>Dept.: Courtroom 3 - 15th Floor<br>Judge: Hon Kimberly J. Mueller<br><br>Action Filed: September 9, 2014<br>Action Amended: September 8, 2015 |

## I. INTRODUCTION

Plaintiffs Edward Borelli, Christina Pitassi, and James Muniz's ("Plaintiffs") attempt to compel arbitration against Defendant Basic Resources, Inc., ("Basic Resources") is without merit. Both California and Ninth Circuit courts have been clear: a party seeking to compel arbitration against a nonsignatory has the burden of establishing the existence of an enumerated exception to the general rule against compelling a nonsignatory to arbitration. Here, Plaintiffs have this burden because they are attempting to compel arbitration against Basic Resources, which Plaintiffs themselves admit is a nonsignatory to the alleged arbitration agreements. Not only do Plaintiffs fail to carry their burden by raising, let alone establishing, one of the enumerated exceptions, the irrelevant arguments that Plaintiffs do make in support of their motion have been summarily rejected by numerous courts. Accordingly, Plaintiffs' motion to compel arbitration against Basic Resources should be denied.

## II. BACKGROUND

Plaintiff Borelli commenced this action on September 9, 2014. (*See* Plaintiff Borelli's Complaint (EFC No. 1).) Approximately one year later, Plaintiff Borelli filed an amended complaint (the "FAC") and added new parties, including Basic Resources. (*See* FAC (EFC No. 37).) The FAC alleges a slew of a statutorily created labor and employment claims against Defendants Black Diamond Aggregates, Inc., ("Black Diamond") and Basic Resources. (*Id.*)

On October 30, 2015, Black Diamond filed a renewed motion to compel arbitration against Plaintiffs and specifically requested that Plaintiffs' claims against Basic Resources be stayed pending the outcome of the arbitration. (*See* Memorandum of Points and Authorities in Support of Black Diamond's Motion to Compel Arbitration, p. 9:5-8 (EFC No. 46-1).) Black Diamond sought to compel arbitration against Plaintiffs based on certain alleged arbitration agreements expressly entered into between Plaintiffs and Black Diamond. (*See generally Id.*) Plaintiffs admit that Basic Resources is not a signatory to any of the alleged agreements. (*See* Plaintiffs' Opposition to Motion to Compel Arbitration, pp. 16:25-17:4 (EFC No. 52).) Regardless, Plaintiffs seek to compel arbitration against Basic Resources, which Basic Resources now opposes.

## III. ARGUMENT

**A.     Plaintiffs Fail to Carry Their Burden.**

The general rule is that regardless of any policy in favor of arbitration "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) (citations omitted); *AHTNA Gov't Servs. v. 52 Rausch, LLC., No. C 03-00130 SI*, 2003 WL 403359, at *6 (N.D. Cal. Feb. 19, 2003). There are, of course, exceptions to this rule. California and Ninth Circuit courts will compel arbitration against a nonsignatory based on certain contract and agency related principles. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). These principles have been broken down into five specific categories including: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Id.*; *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) (citations omitted.) Importantly, a party seeking to compel arbitration against a nonsignatory has the burden of establishing the existence of an express exception which must be tethered to one of the above mentioned principles. *United Am. Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 746 (E.D. Mich. 2014); *see also Thomson-CSF, S.A. v. Am. Arbitration Ass'n,* 64 F.3d 773, 780 (2d Cir. 1995) (noting that "[a]nything short of requiring a full showing of some accepted theory under agency or contract law imperils a vast number of parent corporations.")

Here, it is undisputed that Basic Resources is not a signatory to the alleged arbitration agreements. (*See* Plaintiffs' Opposition to Motion to Compel Arbitration, pp. 16:25-17:4 (EFC No. 52).) Accordingly, well-settled case law places the burden on Plaintiffs to establish the existence of an exception to the general rule against compelling arbitration against a nonsignatory. *See Thomson-CSF*, 64 F.3d at p. 780. Plaintiffs, however, wholly fail to carry this burden and, in fact, do not even raise the relevant exceptions and/or underlying principles. Therefore, and on this basis alone, Plaintiffs' motion should be denied.

In reality, Plaintiffs are attempting to compel arbitration solely based on Basic Resources' alleged status as a parent company of Black Diamond, which is simply not permitted. While Basic Resources submits that Plaintiffs have failed carry their burden, out of an abundance of

caution, Basic Resources addresses and dispels Plaintiffs' irrelevant and misguided arguments in favor of compelling arbitration against Basic Resources below.

**B.    Plaintiffs' Arguments in Favor of Compelling Arbitration Against Basic Resources are Irrelevant and Unpersuasive.**

Plaintiffs have two main arguments in support of their motion to compel arbitration against Basic Resources. Plaintiffs' first argument is that compelling arbitration is proper because Basic Resources is statutorily liable to Plaintiffs based on Basic Resources' alleged role as a "joint employer" and/or alleged performance of certain human resourcing functions. (*See* Plaintiffs' Motion to Compel Arbitration, pp. 4:9-5:4 (EFC No. 53-1).) Plaintiffs' second argument is that compelling arbitration is proper because the alleged arbitration agreements identify Basic Resources. (*Id.*, at pp. 5:5-6:1.) Both of Plaintiffs arguments, however, have been summarily rejected.

**1.    Whether Basic Resources faces liability as a joint employer and/or independently of its relationship with Black Diamond is irrelevant.**

The analysis for whether a nonsignatory to an arbitration agreement can compel a signatory to that agreement to arbitrate claims is different than the reverse, i.e., a signatory to an arbitration agreement compelling a nonsignatory to that agreement to arbitration. *Comer*, 436 F.3d at p. 1101. Under the former, a signatory to an arbitration agreement may be compelled to arbitration "when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995) (emphasizing distinction between compelling a signatory and a nonsignatory to arbitration); *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 831 (N.D. Cal. 2007) (*citing Thomason-CSF* favorably and stating that "arbitration is more likely to be attained when the party resisting arbitration is a signatory.") The reverse, however, is not true where a signatory is attempting to compel arbitration against a nonsignatory. *Id.*; *Comer*, 436 F.3d at pp. 1101-02. Instead, the party seeking to compel arbitration must show that the nonsignatory is estopped from denying arbitration because it has claimed benefits under the alleged agreement while also attempting to avoid any burdens the agreement imposes. *Id.* Similarly, the fact that a party faces liability relating to an arbitration agreement is not enough to

force that party to arbitrate claims which arise independently of any alleged agreement. *Nitsch v. DreamWorks Animation SKG Inc.*, 100 F. Supp. 3d 851, 866-67 (N.D. Cal. 2015).

As alluded to above, Plaintiffs argue that arbitration should be compelled against Basic Resources because Basic Resources is allegedly a "joint employer" under Labor Code section 1194 and/or is independently liable to Plaintiffs under various Labor Code sections. (*See* Plaintiffs' Motion to Compel Arbitration, pp. 4:9-5:4 (EFC No. 53-1).) Even if Plaintiffs' claims of liability are true, which they are not, they are nonetheless irrelevant because alleged statutory liability is not considered for purposes of compelling arbitration against a nonsignatory. *See Nitsch*, 100 F. Supp. 3d at pp. 866-67; *Comer*, 436 F.3d at pp. 1101-02. Instead, and as described above, Plaintiffs must show the existence of a contractual and/or agency related exception which Plaintiffs simply fail to do. Accordingly, and based on *Nitsch*, *Comer*, and *Thomson-CSF*, Plaintiffs' arguments in support of compelling arbitration against Basic Resources, *as a nonsignatory*, are without merit.

**2. Whether Basic Resources is named in the alleged arbitration agreements is irrelevant.**

A party who is provided for in an agreement, but who is not a signatory, "is not liable for either signatory's performance and has no contractual obligations to either." *Motorsport Eng'g, Inc. v. Maserati SPA*, 316 F.3d 26, 29 (1st Cir. 2002); *see also Comer*, 436 F.3d at p. 1102 (applying *Motorsport Eng'g* and rejecting claim by signatory that arbitration should be compelled against nonsignatory based on allegation that it was a third party beneficiary under the arbitration agreement.) Notwithstanding, this basic rule of law, Plaintiffs nakedly assert that arbitration should be compelled against Basic Resources because Basic Resources is named in the alleged arbitration agreement and is allegedly named as the party responsible for the arbitrator's expenses and fees. (*See* Plaintiffs' Motion to Compel Arbitration, p. 5:5-26 (EFC No. 53-1).) Plaintiffs, however, offer no legal support and fail to show how the naming of Basic Resources, or its alleged agreement to pay the arbitrator's expenses and fees is tethered to one of the enumerated principles. Even if they did however, the mere naming of party, without more, is insufficient. *Comer*, 436 F.3d at p. 1102; *Thomson-CSF,* 64 F.3d at p. 780 (2d Cir. 1995) (noting that

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ARBITRATION AGAINST BASIC RESOURCES, INC.

-5-

2:14-CV-02093-KJM-KJN

80768990.1 0080200-00003

"[a]nything short of requiring a full showing of some accepted theory under agency or contract law imperils a vast number of parent corporations.") Accordingly, Plaintiffs' arguments in favor of compelling arbitration against Basic Resources are without merit.

Additionally, Plaintiffs' attempt to bootstrap the above mentioned arguments with one relating to judicial economy is also without merit. (*See* Plaintiffs' Motion to Compel Arbitration, p. 5:27-6:2 (EFC No. 53-1).) Indeed, this exact argument was rejected in *Nitsch*, F. Supp. 3d at p. 869, where the court concluded that it could not "expand the parties' agreement to arbitrate in order to achieve greater efficiency. The Federal Arbitration Act requires piecemeal resolution when necessary to give effect to an arbitration agreement." (Citations omitted.)

## IV. CONCLUSION

Based on the foregoing, Basic Resources respectfully requests that the Court deny Plaintiffs' motion.

DATED: December 30, 2015

                                      STOEL RIVES LLP

By: /s/*Connor W. Olson*
    RYAN C. WOOD
    CONNOR W. OLSON
    Attorneys for Defendant
    BASIC RESOURCES, INC.