1  HARVEY SOHNEN (SBN 62850) netlaw@pacbell.net
   SOHNEN LAW OFFICES
2  2 Theatre Square, Suite 230
   Orinda, CA 94563-3346
3  Telephone: (925) 258-9300
   Facsimile: (925) 258-9315
4
   MARY-ALICE COLEMAN (SBN 98365) lawoffice@maryalicecoleman.com
5  MICHAEL S. AHMAD (SBN 231228) mike.ahmad@lawofficemac.com
   LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
6  1109 Kennedy Place, Suite #2
   Davis, CA 95616
7  Telephone: (916) 498-9131
   Facsimile: (916) 304-0880
8
   Attorneys for Plaintiff
9  EDWARD BORELLI, CHRISTINA PITASSI,
   JAMES MUNIZ, individually and on behalf of
10 all others similarly situated

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| EDWARD BORELLI, CHRISTINA PITASSI and JAMES MUNIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACK DIAMOND AGGREGATES, INC., BASIC RESOURCES, INC. and DOES 1 through 9,<br><br>Defendants. | CASE NO.: 2:14 – CV-02093-KJM-KJN<br><br>**PLAINTIFFS' REPLY TO DEFENDANT BASIC RESOURCES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ARBITRATION**<br><br>**Date: February 12, 2016**<br>**Time: 10:00 a.m.**<br>**Judge: Hon. Kimberly J. Mueller**<br>**Courtroom: 3**<br><br>Complaint Filed: September 9, 2014<br>Trial Date: None Set |

PLAINTIFFS' REPLY TO DEFENDANT BASIC RESOURCES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ARBITRATION / CASE NO.: 2:14 – CV-02093-KJM-KJN

# Table of Contents

I. SUMMARY OF REPLY ARGUMENT ........................................................................... 1

II. ARGUMENT ..................................................................................................................... 2

    A. The undisputed evidence establishes that Basic Resources was a joint employer. ............. 2

        1. Plaintiffs observed Basic Resources' control of them as a joint employer and its direction of human resources functions. .................................................................. 3

        2. Initial Disclosures by Black Diamond show that Basic Resources was a joint employer, provided benefits, and functioned as human resources with its subsidiary companies ............................................................................................................... 4

    B. The plain language of the purported agreements require that Basic Resources arbitrate any employment related claims. ......................................................................................... 4

    C. Basic Resources' admission that it is not a signatory and refusal to arbitrate renders all of the purported arbitration agreements invalid and unenforceable. ....................................... 5

        1. There are no valid arbitration agreements because Basic Resources failed to consent to arbitration. .......................................................................................................... 5

        2. The purported arbitration agreements are substantively unconscionable because they lack mutuality. ......................................................................................................... 5

        3. As a joint employer, Basic Resource's refusal to arbitrate constitutes a material breach of the purported arbitration agreements. ..................................................................... 6

    D. If this Court finds that the purported arbitration agreements are enforceable, then Basic Resources should be compelled to arbitrate as an agent and representative of Black Diamond. ............................................................................................................................. 7

        1. The agency exception requires Basic Resources to arbitrate. ....................................... 7

        2. The alter ego exception requires Basic Resources to arbitrate. .................................... 8

        3. Two of the three purported agreements require arbitration with "representatives, agents, and/or employees" of the Employer. ............................................................. 10

III. Conclusion ....................................................................................................................... 10

# Table of Authorities

**Cases**

*Amsil Holdings Ltd. v. Clarium Capital Mgmt*, 622 F.Supp.2d 825...................................................................9

*Armendariz v. Foundation Health* (2000) 24 Cal.App.4th 83 ...................................................................6

*Associated Vendors, Inc. v. Oakland Meat Company* (1962) 210 Cal.App.2d 825..........................10

*Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.4th 522 ...........................................................2

*Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004 ...............................................................................7

*Gipson v. Davis Realty Co.* (1963) 215 Cal App 2d 190...............................................................................8

*Ingle v. Circuit City Stores, Inc.*, (9th Cir. 2003) 328 F.3d 1165 ..............................................................5

*Malloy v. Fong* (1951) 37 Cal.2d 356..............................................................................................................8

*Martinez v. Combs* (2010) 49 Cal.4th 35.......................................................................................................2

*Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267 .........................................................6

*Pry Corp. of Am. v. Leach* (1960) 177 Cal.App.2d 632 ..............................................................................7

*Robbins v. Blecher* (1997) 52 Cal.App.4th 886...........................................................................................9

*Sackett v. Starr* (1949) 95 Cal.App.2d 128...................................................................................................5

*Talbot v. Fresno-Pacific Corp.*, (1960) 181 Cal.App.2d 425 ..................................................................10

*United States ex rel. Oliver v. Parsons Co.*, (9th Cir. 1999) 195 F.3d 457 ...........................................5

**Statutes**

Cal. Civil Code section 2295 ............................................................................................................................8

Cal. Labor Code section 226..........................................................................................................................5, 9

Cal. Labor Code section 558..........................................................................................................................5, 9

Cal. Labor Code section 1194.....................................................................................................................2, 5, 9

TO DEFENDANTS BLACK DIAMOND AGGREGATES, INC. (hereinafter "Black Diamond"), BASIC RESOURCES, INC. (hereinafter "Basic Resources"), AND THEIR ATTORNEYS OF RECORD:

Plaintiffs EDWARD BORELLI, CHRISTINA PITASSI, and JAMES MUNIZ (hereinafter "Plaintiffs") hereby submit Plaintiffs' Reply to Defendant BASIC RESOURCES' Opposition to Plaintiffs' Motion to Compel Arbitration.

## I. SUMMARY OF REPLY ARGUMENT

Basic Resources does not dispute any of Plaintiffs' evidence that Black Diamond and Basic Resources are joint employers. Instead, Basic Resources affirmatively represents that it is a non-signatory to the purported agreements and therefore cannot be bound to arbitrate. This representation is significant because the plain language of the purported agreements requires that the "employer" arbitrate any employment related claims, and is not limited to Black Diamond alone. Because Basic Resources is a joint employer, the representation that it is not a signatory means that at least one employer failed to consent to the terms of the purported agreements, rendering the agreements unenforceable under general principles of contract formation. Further, to the extent that the Defendants seek to arbitrate with one employer and not the other, the purported agreements lack mutuality. Even if the purported agreements were initially enforceable, Basic Resources' current refusal to arbitrate constitutes a breach of a material term. So, if the purported agreements are enforced and the litigation is stayed against Basic Resources (as requested by the both Defendants), then the employer gains a grossly unfair advantage whereby employees can only proceed against Black Diamond, but must wait years to proceed against Basic Resources – even when Basic Resources has been identified as having statutory liability independent of its joint employer status. Finally, in the event that the purported agreements are found enforceable and Basic Resources is not a signatory, Basic Resources must still be compelled to arbitration under an agency theory.

///

///

///

## II. ARGUMENT

**A.     The undisputed evidence establishes that Basic Resources was a joint employer.**

Under Cal. Labor Code section 1194, a party is deemed an "employer" if it "employs or exercises control over the wages, hours, or working conditions of any person." *Martinez v. Combs* (2010) 49 Cal.4th 35, 64. "To employ, then, under the IWC's definition, has three alternative definitions. It means: (a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." *Id.* Under common law, whether an employer-employee relationship exists turns foremost on the degree of a hirer's right to control how the end result is achieved. (*Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.4th 522, 528.) The result is that Basic Resources should be held to what it has written: the forms contained within the Plaintiffs' employee files identify Basic Recourses, Inc. as the employer.

Basic Resources presents no evidence and cites no authority to rebut Plaintiffs' showing of facts that Basic Resources was a joint employer with Black Diamond. To the contrary, the following individual personnel records produced by Black Diamond show Basic Resources functions as a joint employer:

- Basic Resources Policies and Procedures / Personal Commitment and Certification Statements. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 43, 63, 77, 97, 109, 118, 148, 176, 187, 199.)

- Basic Resources Policies and Procedures / Annual Compliance Certification with Corporate Policies and Conflict of Interest. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 78, 98, 119, 149, 165, 177, 188, 200.)

- Acknowledgments of Receipt of Basic Resource's sexual harassment policy. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 44, 61, 64, 69, 73, 75, 99-100, 107, 108, 117, 123, 125, 150-151, 157, 175, 178-179, 189, 201-202.)

- Acknowledgments of Receipt of Notification of Cobra Rights. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 46, 59, 68, 94, 104, 127, 132, 184, 193, 197, 205, 209.)

- Acknowledgments of Receipt of Basic Resources, Inc. 401(k) Summary Plan Descriptions. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 60, 66, 72, 80, 105, 154, 183, 186, 198, 210, 211

- Criminal record search results requested by Basic Resources. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 47-50, 55, 62, 113, 121-122, 128, 155-156.)

- Basic Resources Confidential Employee Profile forms. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 57, 65, 70, 79, 102, 110-111, 152, 181, 185, 191, 203, 207.)
- Basic Resources New Hire forms (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 58, 74, 88-89, 103, 106, 112, 124, 153, 182, 194-195, 206.)
- Basic Resources Payroll Address Change (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 42, 76, 101.)
- Medical and life insurance applications, notices, and beneficiary designation forms. (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 45, 54, 67, 71, 92-93, 95-96, 115-116, 129, 131, 134-147, 158, 167-173, 190, 192, 196, 204, 208.)
- Basic Resources Payroll Action Forms (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 114, 158-164.)

Indeed, Basic Resources' own "Personal Commitment and Certification Statement" admits, in pertinent part: "**Basic Resources, Inc.'s** Conflict of Interests should be read fully and used by all employees as a resources and a guide in conducting their business activities **while employed by Basic Resources, Inc.**" (Ahmad Decl., Doc. No. 53-2, ¶¶ 13 – 15, Exh. K thereto, pgs. 43, 63, 77, 97, 109, 118, 148, 176, 187, 199, emphasis added.) The policy and procedure acknowledgments, including the Acknowledgment of Receipt of Basic Resources Sexual Harassment Policy, show that Basic Resources controlled the working conditions. The Acknowledgment of Receipt of the 401(k) Summary Plan Descriptions, as well as the Payroll Address Change Forms, Payroll Action Forms, and various benefit applications show that Basic Resources exercised control over wages and benefit compensation. The criminal record search results, Confidential Employee Profile forms, and New Hire forms show that Basic Resources held control over hiring.

### 1. Plaintiffs observed Basic Resources' control of them as a joint employer and its direction of human resources functions.

Basic Resources cannot in good faith deny that it exercised control over the putative class members. As discussed in section II.B. of Plaintiffs' moving papers, the drivers themselves observed and knew that Basic Resources had control over their employment. (Declarations of Abrahamson, Ducot, Fatheree, Frago, Hammons, Macias, Muniz, and Pitassi ("Driver Decls.") ¶ 3.) Basic Resources does not oppose these declarations, nor does it present contrary evidence.

-3-
PLAINTIFFS' REPLY TO DEFENDANT BASIC RESOURCES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ARBITRATION / CASE NO.: 2:14 – CV-02093-KJM-KJN

### 2. Initial Disclosures by Black Diamond show that Basic Resources was a joint employer, provided benefits, and functioned as human resources with its subsidiary companies

As discussed in section II.C. of Plaintiffs' moving papers, key management positions and individuals identified in Black Diamonds' initial disclosures are actually filled and employed by Basic Resources. (Ahmad Decl., Doc. No. 53-2, ¶ 4, Exh. H.) In addition, Basic Resources operates as an integrated enterprise with its subsidiaries, at least for purposes of certain employee benefits. (Ahmad Decl., Doc. No. 53-2, ¶ 20, Exh. P.) This evidence shows that Basic Resources had control over the Plaintiffs' compensation. Basic Resources does not retract its prior trial testimony or Black Diamond's initial disclosures, nor does it present any contrary evidence.

### B. The plain language of the purported agreements require that Basic Resources arbitrate any employment related claims.

Basic Resources does not dispute either the plain language of the purported agreements, or that they all include a signature line for "Human Resources." As identified in Plaintiffs' moving papers, Mr. Borelli's purported arbitration agreement simply identifies the participants in any arbitration as "the parties." (October 30, 3015 Gaalswyk Decl., Doc. No. 46-3, Exh. A thereto, pgs. 4-5.) The signature block of Mr. Borelli's purported agreement states that "The undersigned parties understand that this agreement is a waiver of all rights to a civil court action for damages **arising out of or relating to their employment relationship**… (October 30, 3015 Gaalswyk Decl., Doc. No. 46-3, Exh. A thereto, p. 5, emphasis added.) Similarly, the purported arbitration agreements for Ms. Pitassi and Mr. Muniz state "The undersigned Employer and Employee understand that any and all controversies or claims **arising out of, or relating to, their employment relationship**…that cannot be resolved between or among the Employee **and/or any of its representatives, agents** and/or employees…shall be submitted exclusively to binding arbitration…"(October 30, 3015 Gaalswyk Decl., Doc. 46-3, Exhs. B and C thereto, pgs. 6 and 7, first paragraph, emphasis added.) Indeed, the purported arbitration agreement with Mr. Borelli states that "Basic Resources, Inc. shall pay" for the arbitration. (October 30, 3015 Gaalswyk Decl., Doc. No. 46-3, Exh. A thereto, p. 5.) Given its obligation to pay for arbitration, it is inconsistent for Basic Resources to now argue that it is not a signatory to the purported agreements.

**C. Basic Resources' admission that it is not a signatory and refusal to arbitrate renders all of the purported arbitration agreements invalid and unenforceable.**

**1. There are no valid arbitration agreements because Basic Resources failed to consent to arbitration.**

To evaluate the validity of an arbitration agreement, federal courts should apply state law principles of contract formation. *Ingle v. Circuit City Stores, Inc.*, (9th Cir. 2003) 328 F.3d 1165, 1170. In California, the elements of a contract are (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration. *United States ex rel. Oliver v. Parsons Co.*, (9th Cir. 1999) 195 F.3d 457, 462. There can be no contract unless the minds of parties have met and mutually agreed. *Sackett v. Starr* (1949) 95 Cal.App.2d 128, 133.

Here, Basic Resources' consent to the purported arbitration agreements is a requisite element for valid formation. The parties are identified as "the undersigned parties," "Employer," or "Employee," there is a signature line for "Human Resources," and the parties are required to arbitrate all employment-related disputes. (October 30, 2015 Gaalswyk Decl., October 30, 3015 Gaalswyk Decl., Exhs. A – C.) Plaintiffs have presented substantial evidence that Basic Resources was a joint employer, that Basic Resources performed the human resources functions, and that Basic Resources has independent liability for violations of Cal. Labor Code sections 226, 558, and 1194. Significantly, because Basic Resources was not a signatory, it never consented to the purported agreements. Its consent is requisite to the purported agreements because it is presumptively identified as an "undersigned party" as both "Human Resources" and the "Employer." Therefore, when Basic Resources argues that it cannot be compelled to arbitrate because it is not a signatory, it admits that the purported agreements lack the requisite consent to be enforceable as to anyone.

**2. The purported arbitration agreements are substantively unconscionable because they lack mutuality.**

In assessing substantive unconscionability, the paramount consideration is mutuality of the obligation to arbitrate. *Nyulassy v. Lockheed Martin Corp*. (2004) 120 Cal.App.4th 1267, 1287. An arbitration agreement is substantively unconscionable if it requires the employee but not the employer to arbitrate employment related claims. *Armendariz v. Foundation Health* (2000) 24 Cal.

App.4th 83, 117. Here, Black Diamond seeks to compel Plaintiffs to arbitrate employment related disputes, while Basic Resources refuses to arbitrate. Most telling is that both Black Diamond and Basic Resources have petitioned this Court for a stay of the proceedings against Basic Resources, which would leave Plaintiffs with no immediate redress against Basic Resources[1].

But Defendants cannot pick and choose which employer will arbitrate while at the same time maintain that the agreements survive substantive unconscionability prohibitions. As provided in *Armendariz*, "[i]f the arbitration system established by the employer is indeed fair, then the employer as well as the employee should be willing to submit claims to arbitration. Without reasonable justification for this lack of mutuality, arbitration appears less as a forum for neutral dispute resolution and more as a means of maximizing employer advantage. Arbitration was not intended for this purpose." *Armendariz*, *supra,* 24 Cal.4th at 118. A "modicum of bilaterality" is required in an arbitration agreement. *Id*. Here, Defendants have deployed the purported arbitration agreements to have Basic Resources avoid immediate adjudication in any forum whatsoever. This is substantively unconscionable.

### 3. As a joint employer, Basic Resource's refusal to arbitrate constitutes a material breach of the purported arbitration agreements.

Even if the requisite consent of all parties previously existed and the purported agreements were initially valid, they are now unenforceable because Basic Resources has breached the agreements by refusing to arbitrate. An employer who is in material breach of an arbitration agreement cannot compel an employee to honor the agreement. *Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004, 1010-1012. In *Brown*, the employee filed a notice of intent to arbitrate against the employer, and when the employer refused to arbitrate, the employee filed suit. *Id*. at 1005-1006. The employer then sought to compel arbitration. *Id*. at 1006. The Court held that the employer breached its agreement to arbitrate by refusing to participate in the arbitration proceedings, and having breached, it could not subsequently enforce the agreement. *Id*. at 1010. The Court followed the well-established principle that "he who seeks to enforce a contract must

---

[1] Plaintiffs have previously addressed the lack of mutuality in Plaintiffs' Opposition to Black Diamond's Renewed Motion to Compel Arbitration (Docket No. 46-1, pgs. 16:12 – 19:26), and incorporate those arguments here in light of Basic Resource's representation that it is not a signatory to the purported arbitration agreements.

show that he has complied with the conditions and agreements of the contract on his part to be performed." *Id.*, citing to *Pry Corp. of Am. v. Leach* (1960) 177 Cal. App. 2d 632, 639.

Here, Black Diamond and Basic Resources are joint employers. By refusing to arbitrate, they frustrate the very purpose of the purported arbitration agreements –the requirements that the parties arbitrate. If the agreements were initially enforceable, Basic Resources' subsequent refusal to arbitrate constitutes a breach of those agreements.

The Court in *Brown* also observed that permitting an employer to compel arbitration after breaching the arbitration provision would set up a perverse incentive scheme.

> "Employers like Dillard's would have an incentive to refuse to arbitrate claims brought by employees in the hope that the frustrated employees would simply abandon them. This tactic would be costless to employers if they were allowed to compel arbitration whenever a frustrated but persistent employee eventually initiated litigation." *Id.* at 1012.

Here, Black Diamond and Basic Resources appear to be pursuing a similar scheme with the ultimate goal of staying all proceedings in all forums against Basic Resources until litigation is complete against Black Diamond. Defendants' past conduct in this litigation confirms the same. When Plaintiffs began to suspect that Basic Resources was a joint employer, Black Diamond opposed Plaintiffs' Motion to File an Amended Complaint, and argued that the decision of whether to grant Plaintiff's leave to file a First Amended Complaint "should be deferred to the arbitrator." (Docket No. 20, 2:22 – 28.) Presumably, Basic Resources would have argued (as it does now) that it was not a signatory to the arbitration agreement and therefore not bound to participate in any arbitration whatsoever, forcing Plaintiffs to file suit anew, possibly exposing Plaintiffs to a statute of limitations defense. This conduct shows that the purported arbitration agreements are being used to frustrate Plaintiffs' ability to prosecute their claims against Basic Resources.

**D.** **If this Court finds that the purported arbitration agreements are enforceable, then Basic Resources should be compelled to arbitrate as an agent and representative of Black Diamond.**

**1.** **The agency exception requires Basic Resources to arbitrate.**

Basic Resources takes the position that it cannot be compelled to arbitrate because it did not sign the agreements, and argues that Plaintiffs have failed to identify any applicable exception. Defendant fails to acknowledge that Plaintiffs' joint employer argument meets the elements of the

agency exception. Agency is the relation that results from the act of one person, the principal, who authorizes another, the agent, to conduct one or more transactions with one or more third persons and to exercise degree of discretion in effecting principal's purpose. Cal. Civil Code section 2295; *Gipson v. Davis Realty Co.* (1963) 215 Cal App 2d 190, 206. An agency relationship may be informally created, neither particular words nor consideration being required, but simply conduct by each party manifesting acceptance of relationship whereby one of them is to perform work for other under the latter's direction. *Malloy v. Fong* (1951) 37 Cal 2d 356, 372.

Here, while Defendants deny that Black Diamond (the subsidiary corporation) is an agent of Basic Resources (the parent corporation), substantial evidence shows that Basic Resources was the human resources agent of Black Diamond. As previously identified, Basic Resources was authorized to, and did, control hiring, working conditions, wages, and benefit of the putative class members. And although the relationship is that of joint employers, as such, both Basic Resources and Black Diamond were agents of each other.

Basic Resources' reliance on *Amsil Holdings Ltd. v. Clarium Capital Mgmt*, 622 F.Supp.2d 825, 831 (N.D. Cal. 2007) undermines its position. *Amsil* analyzes whether a non-signatory to an arbitration agreement can be compelled to arbitrate under an agency and estoppel theory. *Id*. As Defendants point out, the *Amsil* Court held that a party seeking to compel arbitration must show that the non-signatory is estopped from denying arbitration because it has claimed a benefit under the alleged agreement while also attempting to avoid any burdens the agreement imposes. *Id*. Here, Basic Resources attempts to do what the *Amsil* Court prohibits – it claims a benefit under the arbitration agreement by seeking to stay the proceedings against it until arbitration with Black Diamond is completed. The benefit received by Basic Resources is that Plaintiffs must wait years to litigate against Basic Resources, and only after first litigating with Black Diamond. Indeed, under the terms of the purported agreements, Basic Resources is required to pay for the arbitration, which it uses to avoid any immediate adjudication.

**2.      The alter ego exception requires Basic Resources to arbitrate.**

As confirmed by Basic Resources, a non-signatory may also be compelled to arbitrate under an alter ego theory. The alter ego exception is established when (1) there is such a unity of interest

and ownership between the corporation and the individual or organization controlling it that their separate personalities no longer exist, and (2) the failure to disregard the corporate entity would sanction a fraud or promote injustice. *Robbins v. Blecher* (1997) 52 Cal. App. 4th 886, 892.

As to the first element, Courts may review as many as 23 factors to determine a unity of interest, including but not limited to: shared officers and directors; use of the same office or business location; a total absence of corporate assets; under-capitalization; use of corporation as mere shell; the use of the corporate identity to procure labor, services or merchandise for another entity; the diversion of assets from a corporation by or to a stockholder or other person or entity to the detriment of creditors; and the manipulation of corporate assets and liabilities in entities so as to concentrate the assets in one and the liabilities in another. *Associated Vendors, Inc. v. Oakland Meat Company* (1962) 210 Cal.App. 2d 825, 838 – 840.

Plaintiffs have alleged an alter ego relationship between the Defendants. (First Amended Complaint, page 4, line 24). Here, Black Diamond used Basic Resources' human resources officers, and both Black Diamond and Basic Resources use a shared a common corporate headquarters: The Reed Center, 928 12th Street, Suite 700, Modesto, CA. Black Diamond has ceased operation and exists only in name, which is evidence of a lack of corporate assets and undercapitalization. The employee files show that Basic Resources procured employees, payroll, and benefit plans for Black Diamond. The facts that Black Diamond no longer operates, while Basic Resources remains responsible for paying for the arbitration, shows a diversion of assets to the detriment of creditors (the Plaintiffs).

As to the second element, the alter ego exception does not depend upon the presence of actual fraud, but is designed to prevent what would be fraud or an injustice. *Talbot v. Fresno-Pacific Corp.*, (1960) 181 Cal. App. 2d 425, 431. Here, it would be entirely unjust to require Plaintiffs to arbitrate with Black Diamond, while denying any immediate adjudication against Basic Resources, especially since Basic Resources has independent liability for violation of Cal. Labor Code sections 226, 558, and 1194.

### 3. Two of the three purported agreements require arbitration with "representatives, agents, and/or employees" of the Employer.

As previously discussed, the purported arbitration agreements with Ms. Pitassi and Mr. Muniz require arbitration with "the Employer **and/or any of its representatives, agents** and/or employees." (October 30, 3015 Gaalswyk Decl., Doc. 46-3, Exhs. B and C thereto, pgs. 6 and 7, first paragraph, emphasis added.) Basic Resources was a clear and obvious representative of Black Diamond with respect to the hiring, working conditions, wages, and benefits of the drivers.

### III. Conclusion

The overwhelming and undisputed evidence submitted by Plaintiffs shows that Black Diamond and Basic Resources were joint employers. As such, the plain language of the purported agreements requires Basic Resource to arbitrate. But, if Basic Resources is not a signatory, then there is a lack of consent by a party, rendering the agreements unenforceable as to any of the employer parties under general principles of contract formation. In addition, Basic Resources' current refusal to arbitrate constitutes a breach of a material term. Further, to the extent that the Defendants seek to arbitrate with Black Diamond but not Basic Resources, the purported agreements lack mutuality – especially in light of the fact that purported agreements require Basic Resources to pay for arbitration. If arbitration is enforced and litigation is stayed as requested by both Defendants, then the employers gain a grossly unfair advantage whereby employees can only proceed against Black Diamond, but must wait years to proceed against Basic Resources – frustrating the requisite principles of fairness identified in *Armendariz*. For these reasons, Plaintiffs request that the Defendants' Renewed motion to Compel Arbitration be denied. In the event that the purported agreements are found enforceable, Plaintiffs request that any stay against Basic Resources be denied, and that Basic Resources be compelled to arbitration.

DATED: February 5, 2016      **LAW OFFICES OF MARY-ALICE COLEMAN, P.C.**
**SOHNEN LAW OFFICES**

By:    /s/ Michael Ahmad
       MICHAEL S. AHMAD
       Attorneys for Plaintiffs, individually and on behalf
       of all others similarly situated