UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BORELLI; CHRISTINA PITASSI; and JAMES MUNIZ,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK DIAMOND AGGREGATES, INC. and BASIC RESOURCES, INC.,<br><br>Defendants. | No. 2:14-cv-02093-KJM-KJN<br><br>ORDER |

On March 21, 2017, this court granted the parties' cross-motions to compel arbitration. *See* Order, ECF No. 67. Defendants Black Diamond Aggregates, Inc. and Basic Resources, Inc. had argued the claims against Black Diamond should be subject to arbitration while the claims against Basic Resources should be stayed pending resolution of that arbitration. *See* Defs.' Mot. to Compel Arbitration, ECF No. 46. Plaintiffs Edward Borelli, Christina Pitassi and James Muniz, argued that their claims were not subject to arbitration, or alternatively that their claims against Basic Resources should be subject to arbitration if defendants' motions were granted. *See* Pls.' Opp'n to Defs.' Mot., ECF No. 52; Pls.' Mot. to Compel Arbitration, ECF No. 53. The court granted defendants' motion as to plaintiffs Pitassi and Muniz, but ordered that an evidentiary hearing be held to determine whether defendants' motion would be granted as to plaintiff Borelli. Order 24, ECF No. 67. The court further granted plaintiffs' motion to the extent

1

that defendants' motion would ultimately be granted, finding that Basic Resources is bound to arbitrate to the extent plaintiffs are. *Id.* The court held the arbitration clauses at issue applied equally to both defendants on the basis of defendants' status as alter egos of each other. *See id.* at 22–24. Basic Resources now moves for reconsideration of the determination that Black Diamond and Basic Resources are each other's alter egos. ECF No. 68.

I. <u>LEGAL STANDARD</u>

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Courts construing Federal Rule of Civil Procedure 59(e) have noted a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These limitations "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

In addition, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (first alteration in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Further, Local

Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3)–(4).

II. ANALYSIS

Basic Resources, though purporting to bring its motion under both Federal Rules of Civil Procedure 59 and 60(b), *see* Mot. for Recons. 4, does not address the applicable standards identified above. Instead, Basic Resources cites *In re Fowler*, 394 F.3d 1208 (9th Cir. 2005), for the proposition that "[m]otions to reconsider should be granted where[] . . . the court has made a decision outside the adversarial issues . . . presented by the parties," Mot. for Recons. 4 (quoting *In re Fowler*, 394 F.3d at 1215 n.3 (ellipses in original)). Moreover, Basic Resources quotes *In re Fowler* wholly out of context. The language it quotes originates from a District of Kansas case, and the Ninth Circuit includes that language in *Fowler* to support its assertion that "[o]ther bankruptcy courts have applied different standards" than the one applied by the bankruptcy and district courts in that case. *In re Fowler*, 394 F.3d at 1215 & n.3 (citing *In re Winders*, 202 B.R. 512, 517 (D. Kan. 1996)). In other words, the language does not articulate a standard adopted by the Ninth Circuit, but provides merely an example of the varying standards used by bankruptcy courts to address motions for rehearing under Federal Rule of Bankruptcy Procedure 8022 (formerly cited as Rule 8015). *See id.*

Looking to the substance of Basic Resources' arguments, it appears it contends the court committed clear error in finding Basic Resources and Black Diamond were alter egos. *See* Mot. for Recons. 5 (arguing that "the [c]ourt was . . . without evidence to support its alter ego finding"). Basic Resources, however, fails to present any evidence that demonstrates the court committed clear error in making its alter ego finding. Contrary to its assertions, the court relied on several pieces of evidence to support its conclusion. *See* Order 23–24.

The only case Basic Resources cites in its motions, other than *In re Fowler*, is *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825 (1962). Aside from quoting a long paragraph identifying factors relevant to an alter-ego analysis, Basic Resources cites

3

1 | *Associated Vendors* for the proposition that "a determination to disregard corporate existence and find alter ego for purposes of liability is a fact-intensive analysis for the trier of fact, and not a question of law." Mot. for Recons. 4 (citing *Associated Vendors*, 210 Cal. App. 2d at 837). Basic Resources does not explain the relevance of this contention, and the section cited addresses only the appellate standard of review applicable to a trial court's determination that the corporate entity be disregarded. *See Associated Vendors*, 210 Cal. App. 2d at 837 (stating that such a determination "will not be disturbed if it be supported by substantial evidence"). Basic Resources falls short of demonstrating clear error or that reconsideration is otherwise warranted.

Basic Resources requests as an alternative to reconsideration that the court "clarify" its order to limit its applicability to only "whether the parties should be required to arbitrate their dispute" and not to "the merits of alter ego at trial." Mot. for Recons. 3. Basic Resources provides no authority to support the notion that entities can be considered alter egos for some purposes and not for others. Basic Resources has not shown that any clarification of the court's prior order is warranted.

III. CONCLUSION

For the reasons provided above, the court DENIES Basic Resource's Motion for Reconsideration. ECF No. 68.

IT IS SO ORDERED.

DATED: August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE