UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BORELLI; CHRISTINA PITASSI; and JAMES MUNIZ,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK DIAMOND AGGREGATES, INC. and BASIC RESOURCES, INC.,<br><br>Defendants. | No. 2:14-cv-02093-KJM-KJN<br><br>ORDER |

      Defendant Basic Resources, Inc. moves for an order certifying an interlocutory appeal on this court's previous determination that Basic Resources, Inc. and Black Diamond Aggregates, Inc. are alter egos. ECF No. 74. Plaintiffs oppose, ECF No. 75, and Basic Resources has replied. ECF No. 77. The court submitted the matter without oral argument, ECF No. 78, and now resolves the motion. For the reasons below, Basic Resources' motion is DENIED.

I.    BACKGROUND

      This case involves a wage and hour dispute. Plaintiffs are former employees of Black Diamond Aggregates, Inc. ("Black Diamond"), a wholly owned subsidiary of Basic Resources, Inc. ("Basic Resources") engaged in the trucking business. *See* First Am. Compl. ("FAC") ¶¶ 6–11, ECF No. 37. When plaintiffs started working at Black Diamond, each signed an arbitration agreement that required binding arbitration of all claims arising from employment

1

with Black Diamond. Gaalswyk Decl. at 1–2, ECF No. 46–3. The plaintiffs' claims under the Private Attorney General Act are stayed, pending arbitration of the other claims. Order (Mar. 21, 2017), ECF No. 67 at 21, 24; Stip., ECF No. 69. Basic Resources was not a signatory to the arbitration agreement. Plaintiffs allege that Basic Resources is liable under a joint employer/joint enterprise or alter ego theory. *See* FAC ¶ 7.

Black Diamond moved to compel arbitration, and Basic Resources joined in Black Diamond's motion. ECF Nos. 46, 50. Plaintiffs then filed a cross-motion to compel Basic Resources to arbitration. ECF No. 53. Although plaintiffs did not raise the alter ego theory in their opening brief, plaintiffs argued Basic Resources is Black Diamond's alter ego in its reply brief. *See* ECF No. 59 at 11–12. Basic Resources had its opportunity to oppose the argument at the hearing on the parties' cross-motions to compel arbitration. ECF No. 61.

The court granted both motions to compel and determined that Black Diamond and Basic Resources are alter egos. *See* ECF No. 67 at 22–24. In making this alter ego determination, the court relied on the following: "Basic Resources" or "BRI" appears many times in plaintiffs' personnel records; Basic Resources managed plaintiffs' benefits and human resources matters, payroll questions, and other personnel issues for Black Diamond; the same people owned Black Diamond and Basic Resources; and Basic Resources was required to pay arbitration fees. *Id.* at 23 (citing to Ahmad Decl. ¶¶ 14–15, ECF No. 52-1; Decls. Abrahamson, Ducot, Fatheree, Frago, Hammons, Macias, Muniz, and Pitassi ("Drivers Decls.") ¶ 3, ECF Nos. 53-5 to 53-11). The court observed "[b]oth Black Diamond and Basic Resources exercised control over employees by requiring employees to follow workplace instructions and directives from both companies." *Id*. The court required Basic Resources to join in the arbitration ordered under the alter ego theory. *See id.* at 24.

Basic Resources then filed a motion for reconsideration of the court's order to the extent it rested on the alter ego analysis, or alternatively, for clarification as to "whether any alter ego relationship exists between Basic Resources and Black Diamond" beyond the issue of arbitration. ECF No. 68 at 6. The court denied Basic Resources' motion in a written order. ECF No. 73. There, the court stated Basic Resources failed to present any evidence that the court

2

committed clear error in making its alter ego finding. *Id.* at 3. Additionally, the court observed that "Basic Resources provide[d] no authority to support the notion that entities can be considered alter egos for some purposes and not for others." *Id.* at 4. Basic Resources therefore had "not shown that any clarification of the court's prior order is warranted." *Id.*

Basic Resources now moves to certify the following question for interlocutory appeal to the United States Court of Appeals for the Ninth Circuit: "What is the effect of the Court's determination of this highly factual issue [of alter ego status] where the Court is ruling on limited motions to compel?" ECF No. 74 at 5.

Basic Resources confusingly appears to expand the scope of the question it wishes to have certified by including in its reply brief three additional bullet points to describe "an abstract legal issue for which a substantial difference in opinion exists": (1) whether the court preemptively determined Black Diamond and Basic Resources are alter egos; (2) whether the court can appropriately make that determination without a full evidentiary hearing at a preliminary stage of litigation; and (3) whether there is sufficient evidence in the record to support the alter ego determination. *See* EFC No. 77 at 2.

Reviewing the record on the pending motion as a whole, the court construes Basic Resources' proposed question for certification as follows: Whether a party, who was compelled to binding arbitration as an alter ego without a full evidentiary hearing on alter ego status, can later challenge the court's alter ego determination during arbitration or later in litigation?

II. LEGAL STANDARD

Generally, parties may appeal only after the entry of final judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008). In narrow circumstances, a district court has authority to certify a question for interlocutory appeal before final judgment. *See* 28 U.S.C. § 1292(b); *Couch v. Telescope, Inc.*, 611 F.3d 629 (9th Cir. 2010). The party seeking certification of an interlocutory appeal bears the burden of establishing three elements: (1) the order involves a controlling question of law, (2) there is substantial ground for differences of opinion as to the question for which certification is sought, and (3) an immediate appeal may materially advance the ultimate resolution of litigation. 28 U.S.C. § 1292(b); *see also*

*In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "Certification under § 1292(b) requires the district court to expressly find in writing all three of § 1292(b) requirements are met." *Couch*, 611 F.3d at 633.

Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Duarte Nursery, Inc. v. U.S. Army Corps of Eng'rs*, No. 2:13-cv-02095-KJM-DB, 2017 WL 1105993, at *7 (E.D. Cal. Mar. 25, 2017) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *In re Cement Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). To resolve Basic Resources' motion, the court analyzes each § 1292(b) requirement below.

III. DISCUSSION

    A. Controlling Question of Law

Basic Resources must show that the proposed question for interlocutory appeal involves a controlling question of law. The question is "controlling" only if the resolution of that issue on appeal would materially affect the outcome of the litigation. *In re Cement*, 673 F.2d at 1026. A fact-dependent issue decided by the court generally is not a "controlling question of law." *Winding v. Allstate Ins. Co.*, No. CIV S-09-3526 KJM-KJN, 2012 WL 1565674, at *2 (E.D. Cal. May 2, 2012). Typically, a "controlling question of law" must present a "pure" or "abstract" legal issue that does not concern the facts of the case. *MP Nexlevel of Cal., Inc. v. Cvin, LLC*, No. 1:14-cv-288-LJO-EPG, 2016 WL 5815895, at *4 (E.D. Cal. Oct. 5, 2016). "To even qualify as a question of law, let alone a controlling question, the question must be one that the court of appeals could decide 'quickly and cleanly without even having to study the record.'" *Weiner v. Ocwen Financial Corp.*, No. 2:14-cv-02597-MCE-DB, 2017 WL 2797856, at *4 (E.D. Cal. June 28, 2017) (citation omitted).

Finding Basic Resources and Black Diamond to be alter egos required a factual analysis, which the court conducted in its order compelling arbitration. *See* ECF No. 67 at 22–24. The court examined declarations from the parties, personnel records, information regarding the management of human resources, corporate ownership, control over employees, and the language

of the parties' arbitration agreement. *Id.* In its motion now, Basic Resources contends it would have presented, had it "a fair opportunity to do so . . . evidence of years upon years of certified financial statements demonstrating the separate funds, assets, and liabilities for each company, and the related expert opinion that such statements demonstrate complete separateness." ECF No. 74 at 4–5. Additionally, Basic Resources asserts it "can also demonstrate it is the parent company to numerous subsidiaries," each having "its own autonomous management" and performing "entirely different functions." *Id.* at 5. Yet Basic Resources presented no such evidence in its briefing on its motion for reconsideration, when it clearly had the opportunity to do so if it had not before. *See* ECF Nos. 68, 71. Fundamentally, Basic Resource's mere disagreement with the court's alter ego finding cannot be a basis for interlocutory appeal because that finding was based on the factual record before the court and the court did not resolve it purely as a question of law. *See, e.g.*, *Winding*, 2012 WL 1565674, at *2 ("Because the court resolved plaintiff's bad faith claim based on the factual record, and not as a question of law, plaintiff is precluded from [an interlocutory appeal of] the court's grant of partial summary judgment."); *Weiner*, 2017 WL 2797856, at *4 ("Where, as here, the alleged controlling question of law raised by [d]efendants is 'inextricably intertwined' with an analysis of [p]laintiff's factual allegations, 'an interlocutory appeal is not appropriate.'") (citation omitted).

    Additionally, Basic Resources has not demonstrated that an interlocutory appeal addressing the court's determination of Basic Resources' alter ego status would "materially affect the outcome of the litigation." *In re Cement*, 673 F.2d at 1026; *see also infra* Part III.C (finding interlocutory appeal now does not materially affect the outcome of the litigation). Basic Resources previously argued plaintiffs' claims against Black Diamond should be subject to arbitration, while claims against Basic Resources should be stayed pending the outcome of arbitration. ECF No. 46. Even if Basic Resources were not an alter ego of Black Diamond, arbitration between Black Diamond and plaintiffs Pitassi and Muniz would occur, with proceedings against Basic Resources stayed. *See* ECF No. 67 at 7–20, 24.

/////

/////

B.     Substantial Ground for Differences of Opinion

Even if there were a "controlling question of law," Basic Resources does not demonstrate a substantial ground for differences of opinion to support an interlocutory appeal. The court can deny Basic Resources' motion on this point alone.

Generally, substantial grounds for difference of opinion exist where reasonable jurists might disagree on an issue's resolution. *Fortuyne v. City of Lomita*, 766 F.3d 1098, 1101 n.2 (9th Cir. 2014) (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011)). Substantial grounds for differences of opinion also "exist when circuit courts are in dispute, complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Ahmadzai v. Stohlman & Rogers Inc.*, No. 2:15-cv-00989-MCE, 2016 WL 881132, at *5 (E.D. Cal. Mar. 8, 2016) (citing *Couch*, 611 F.3d at 633). Courts must examine to what extent the controlling question is unclear. *Holak v. K Mart Corp.*, No. 1:12-cv-00304-AWI-MJS, 2015 WL 4756000, at *1 (E.D. Cal. Aug. 11, 2015) (citing *Couch*, 611 F.3d at 633). The requirement is not satisfied just because settled law might be applied differently, a party strongly disagrees with the court's decision, or there is a "dearth of case law contradicting the court's decision." *Id.* (citations and internal quotation marks omitted); *see Thomas v. Swarthout*, No. CIV S-11-0180 KJM CKD P, 2012 WL 1806166, at *1 (E.D. Cal. May 17, 2012) (citing *Kern–Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Here, Basic Resources cannot show a substantial ground for differences of opinion as to whether Basic Resources can challenge the court's alter ego determination at a later stage of litigation. Basic Resources has not shown any disputes between or among the federal courts of appeals or any conflicting decisions on the point made by district courts within the Circuit or elsewhere. *See, e.g.*, *Couch*, 611 F.3d at 633 (issue in which "the circuits are in dispute" is basis for a substantial ground for differences of opinion). Basic Resources also has not shown any complicated questions arising from foreign law to meet the second requirement. Nor has Basic Resources shown that the question poses a novel or difficult issue of first impression for the Ninth Circuit to resolve. Rather, the law is established in the Ninth Circuit that non-signatories, such as

Basic Resources, can be compelled as alter egos to arbitrate claims of parties to an agreement when the alter ego has the requisite relationship with one of the parties. *See Comor v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citing *Thomson-CSF, S.A. v. Am. Arbitration Ass'n.*, 64 F.3d 773, 776 (2d. Cir. 1995)) ("[The Ninth Circuit] explained that 'nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles. . . . Among these principles are . . . veil-piercing/alter ego.").

Basic Resources' attempts to frame the issue as a question about whether it can challenge the alter ego determination at a later date or whether the court must have held an evidentiary hearing are unavailing. It appears to the court nothing would preclude Basic Resources from raising the alter ego issue again, assuming a proper procedural posture, if the litigation returns to this court. *See, e.g.*, *In re Schwarzkopf*, 626 F.3d 1032, 1036, 1040 (9th Cir. 2010) (bankruptcy court initially concluded no alter ego status, but then partially reversed its previous ruling on alter ego status; district court partially reversed bankruptcy court to find no alter ego status; court of appeals held one trust was a party's alter ego); *Kite Shipping LLC v. San Juan Nav. Corp.*, No. 11CV02694 BTM WVG, 2012 WL 6720624, at *2, 5 (S.D. Cal. Dec. 26, 2012) (permitting a "new motion for reconsideration" on alter ego status after limited discovery although ultimately rejecting the motion); *Reid v. United States*, No. C98-5432 FDB, 2001 WL 429830, at *2 (W.D. Wash. Mar. 13, 2001) (observing the time for a party "to respond and show the lack of identity between themselves and [their alter ego] was at the motion for summary judgment" and denying motion for reconsideration based in part on party's "not submitt[ing] any additional evidence to the court"); *JJCO, Inc. v. Isuzu Motors Am., Inc.*, No. CV 00419 SOM-LEK, 2009 WL 10677057, at *2–3 (D. Haw. Dec. 21, 2009) (assessing "new evidence cited in the [motion for reconsideration] which contradicts the evidence available at the time" the court considered the original motion, although denying the new motion).

Regarding the need for an evidentiary hearing, at least one district court in the Ninth Circuit has expressly denied "an evidentiary hearing on the basis that alter ego is a 'complex issue.'" *Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SACV1200717ABCEX, 2013 WL 10967406, at *2 (C.D. Cal. Nov. 26, 2013) (finding party "provides no supporting

authority for his request and the facts necessary to decide the motion are ascertainable from the record before the [c]ourt"); *see also Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-CV-00669-YGR, 2017 WL 201703, at *11 n.14 (N.D. Cal. Jan. 18, 2017) (denying evidentiary hearing on plaintiff's alter ego allegations as unnecessary); *Wells Fargo Bank, Nat'l Ass'n v. Weinberg*, 227 Cal. App. 4th 1, 9 (2014) ("Evidence in the form of declarations or deposition testimony is sufficient," especially when the party "had in his exclusive possession the evidence to show he was not the alter ego of his professional corporation.").

In sum, Basic Resources has not met its burden to satisfy the second element of the test applicable to determining whether a certificate of appealability should issue.

### C. Materially Advance Ultimate Resolution of Litigation

Basic Resources also must show that the resolution of the question it wishes to certify will materially advance the ultimate resolution of the litigation. 28 U.S.C. § 1292(b). An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation. *In re Cement*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). Similarly, an interlocutory appeal also meets this requirement if it helps avoid trial or substantially shortens the time spent in litigation. *Holak*, 2015 WL 4756000, at *1. Here, Basic Resources does not adequately show how an interlocutory appeal would help shorten this litigation, avoid its protraction and expense, or ultimately advance or end the litigation.

Basic Resources contends only that an interlocutory appeal would prevent "waste" because a post-judgment appeal is likely inevitable. *See* ECF No. 77 at 3. But it fails to explain or justify how the ultimate resolution of the dispute between Black Diamond and plaintiffs would be advanced at all if Basic Resources were not treated as the alter ego of Black Diamond. *See Holak*, 2015 WL 4756000, at *11 ("Whether [p]laintiff appeals the Court's order now or waits until final judgment, the same result would occur and little, if any, time would be saved."). Its mere assertion that arbitration would be a waste does not satisfy the third and final requirement. *Id*. (argument that an interlocutory appeal would be "more 'economical'" did not satisfy the materially advanced standard justifying certification).

An interlocutory appeal can materially advance the ultimate resolution of litigation if it removes a party or a set of claims as against the other defendants. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). But the interlocutory appeal that Basic Resources wishes to pursue would neither remove Basic Resources as a party nor remove a set of claims. Even if the court compelled arbitration against only Black Diamond and plaintiffs, Basic Resources would still remain a party to this litigation. *See* ECF No. 67 at 20–24 (compelling Basic Resources to arbitration without staying the proceedings); ECF No. 46 (Basic Resources requesting stay of claims pending outcome of arbitration between Black Diamond and plaintiffs); ECF No. 69 (plaintiff Borelli agrees to arbitrate his claims). An appeal now of a limited question therefore would risk delaying termination of the litigation and potentially lead to the parties' incurring additional expenses. *See Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 803 (9th Cir. 2012); *see also Porter v. Mabus*, No. 1:07-cv-0825 AWI SMS, 2014 WL 669778, at *5 (E.D. Cal. Feb. 20, 2014); *Am. Realty Investors, Inc. v. Prime Income Asset Management, LLC*, No. 2:13-cv-00278-APG-CWH, 2013 WL 5947190, at *6 (D. Nev. Nov. 4, 2013) ("If anything, an interlocutory appeal would dramatically slow the case.").

IV. <u>CONCLUSION</u>

For the above reasons, Basic Resources has failed to meet its burden of satisfying the § 1292(b) requirements for certification of an interlocutory appeal. Basic Resources' motion for an order certifying an interlocutory appeal is DENIED.

IT IS SO ORDERED.

DATED: March 27, 2018.

UNITED STATES DISTRICT JUDGE